IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

SHAHLA M. RABIE CORTEZ,

     Plaintiff,

v.

PALACE HOLDING, S.A. de C.V.;
PALACE RESORTS, S.A. de C.V;
PALACE PREMIER, S.A. de C.V.,
d/b/a PALACE PREMIER;
PALACE RESERVATIONS, S.A. de C.V.,
d/b/a "PALACE RESORTS"; &
MOON PALACE GOLF & SPA RESORT,

     Defendants.
_____/

## COMPLAINT

Plaintiff, Shahla M. Rabie Cortez ("Ms. Rabie"), sues Defendants Palace Holding, S.A. de C.V. ("Palace Holding"), Palace Resorts, S.A. de C.V. ("PRSA"), Palace Premier S.A. de C.V. ("Palace Premier"), Palace Reservations, S.A. de C.V. ("Palace Reservations"), and Moon Palace Golf & Spa Resort ("Moon Palace"), and states:

## OVERVIEW

Shahla Rabie, a young school teacher and mother of two, is suing a group of Mexican companies[1] after she was digitally raped while on vacation at the Palace Resorts' Moon Palace

---

[1] Plaintiff originally brought an action in state court against Palace Resorts, Inc., Palace Resorts, LLC, and Tradco, Ltd., Inc. ("Florida Defendants"), along with two Defendants named in this case: Palace Resorts S.A. de C.V. and Palace Holding S.A. de C.V. Plaintiff voluntarily dismissed the state court action without prejudice against Palace Resorts, S.A. de C.V. and Palace Holding, S.A. de C.V. The Plaintiffs' claims against the Florida Defendants were dismissed by the Circuit Court on *forum non conveniens* grounds. Plaintiff's appeal of the state trial court's order

in Cancun, Mexico. Although she and her family had no intention of vacationing at the Moon Palace resort, a clever travel agent sold her on the trip. Shahla and her family would later learn that their "vacation" was really nothing more than an elaborate sales pitch hatched by Defendants to sell timeshares in Mexico.

While at the resort, Shahla and her family were badgered until they agreed to attend a timeshare sales pitch. After the "hard sell" was over, Shahla visited the resort's spa for a massage. As she lay on the massage table, a towel covering her face, a resort employee raped her -- forcing his fingers into her vagina -- causing physical injury and psychological harm.

Shamefully, the Resort refused to take any action against this predator.

## PARTIES AND PERSONAL JURISDICTION

1. Plaintiff Shahla Rabie is a U.S. Citizen who is sui juris and a resident of Los Angeles County, California, U.S.A. Shahla resides with her husband and two minor children in Highland Park, California.

2. Defendant Palace Holding, S.A. de C.V. ("Palace Holding"), is a Mexican corporation in the business of hotel operations, hotel management, and stock holding, and operates under the trade name of Palace Resorts ("Palace Resorts"), a group of "luxury" resorts located throughout Mexico and the Caribbean, whose primary target market is U.S. vacationers.

3. Defendant Palace Resorts, S.A. de C.V. ("PRSA"), is a Mexican corporation, which operates, manages, and controls Moon Palace Golf & Spa Resort ("Moon Palace"), a resort located in Cancun, Mexico.

4. Palace Premier, S.A. de C.V. ("Palace Premier") is a Mexican corporation within the Palace Resorts corporate group which handles timeshare sales at Moon Palace.

---

dismissing her claims against the Florida Defendants for *forum non conveniens* is currently pending before the Florida Third District Court of Appeal. *Cortez v. Palace Resorts, Inc.*, Case No. 3D-3468.

2

5. Palace Reservations, S.A. de C.V. is a Mexican corporation within the Palace Resorts corporate group that, among other things, handles certain aspects of customer reservations and signs hotel room bulk sales agreements with U.S. travel agencies.

6. Defendants Palace Holding, PRSA, Palace Premier and Palace Reservations, share offices, personnel, and financial resources, and act as joint enterprises and as agents for each other, and did so at all pertinent times here. Each of them is principally controlled and managed by Roberto Chapur, who lives and works in Miami, Florida.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332 because the matter exceeds seventy-five thousand dollars ($75,000.00) in value, and there is complete diversity of citizenship between the Plaintiff and the Defendants.

8. This Court has general jurisdiction over all the Defendants pursuant to § 48.193(2), Florida Statutes. These Defendants engage in substantial rather than isolated activities within the State of Florida through the management, operation, and supervision of all the Palace Resorts companies. In addition and alternatively, this Court has specific jurisdiction over all the Defendants pursuant to § 48.193(1)(a), Florida Statutes, as this action arises from the Defendants' operation, conducting, and carrying on of a business and business venture within the State of Florida.

9. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

10. In or around May 2006, Shahla Rabie contacted Costco Travel ("Costco"), her trusted travel agency, to book a vacation package for her family.

3

11. Shahla already had vacation plans at the time she contacted Costco. However, when she requested the Costco sales representative to book the vacation package she had chosen, the Costco representative promoted Defendants' Moon Palace Golf and Spa Resort ("Moon Palace") to Shahla, and succeeded in persuading her to and book an all-inclusive vacation package with Moon Palace in Cancun, Mexico. According to Costco's representative, Shahla's family would occupy a superior deluxe unit at the Moon Palace for six days and enjoy first-class facilities, amenities, and services. For a teacher's family of four, the offer looked too good to reject.

12. Unbeknownst to Shala, Moon Palace was a timeshare resort. The vacation package she purchased was part of a marketing ploy developed to sell timeshares. Once at the resort, unsuspecting vacationers were cornered by promotional staff who would badger them into attending timeshare sales pitches. To encourage participation, guests were offered free golfing tours and massages for attending the pitch. By conducting sales this way, Defendants aimed to avoid regulation in the United States.

13. In order to offer low-price vacation packages and amenities to attract U.S. customers – for the purposes of selling timeshares – the Defendants took advantage of inexpensive labor costs in Mexico. To minimize costs, the Defendants were negligent in hiring and neglected proper training and supervision of service providers. The downside was obvious: services like spa-related treatments, which are typically offered by highly-trained and licensed persons in the United States, were not offered by professionals. On information and belief, to meet the demand for the free massages offered and provided to timeshare presentation attendees, the Defendant, hired unlicensed, untrained and/or unqualified personnel without conducting a

4

background check or investigation, and failed to properly select and supervise their personnel and the spa where they were allowed to operate.

14.     Shahla and her family arrived at Moon Palace on August 9, 2006. Once they arrived, they were routinely surrounded by promotional staff who hounded them into attending a timeshare presentation. According to Shahla the staff "didn't just approach you. They are like flies [who] won't go away until you agree to the presentation."

15.     Although the family initially resisted, Shahla and her husband eventually agreed to attend one of the pitches. For her participation, Shahla received a complimentary massage.

16.     On August 11, 2006, Shahla called Moon Palace's spa to schedule her massage. Shahla, who did not frequent spas, specifically requested a female masseuse at the time she made her reservation. None were available, according to the staff.

17.     When she arrived at the spa, Shahla again requested a female masseuse. Once again, staff indicated that none were available. The spa's receptionist, however, assured Shahla that her male masseuse was a reputable professional. Shahla relented and agreed to the male masseuse assigned.

18.     She was led into a dimly-lighted massage room, where she was left alone with the masseuse. In the midst of the massage, as Shahla lay on the massage table with her face covered by a hot towel, she suddenly felt a severe pain in her vagina. The "reputable professional" employed by the Moon Palace as a masseuse had forced his finger into Shahla's vagina against her will. In a panic, Shahla jumped from the massage table and ran out into the spa's reception area crying for help.

17.     Shahla's cries were met with indifference. Instead of offering care and assistance, one hotel representative remarkably suggested that Shahla and her husband "take a walk" and

"look at the moon" in order to calm down. Another warned Shahla against filing a police report, saying that she would have to endure an "uncomfortable" physical exam. Helpless and in a state of shock, Shahla, now accompanied by her husband, returned to her hotel room.

18.     The next morning, Shahla contacted Costco Travel's office in the United States, as well as the U.S. Consulate and Cancun police. Shahla also underwent a physical exam which revealed trauma to her vagina. As a result of the attack, Shahla and her family returned to the United States.

19.     Even after the masseuse admitted to the Mexican police authorities that he had sexually assaulted Shahla, Palace Resorts did not fire him. Eventually, the masseuse left the employ of Moon Place and disappeared. He is now roaming free and no one knows where.

20.     Shahla, traumatized by the attack, has been suffering physical, mental, and emotional injuries. She has received treatment and therapy since her return from Mexico. Her nightmare still haunts her and her family.

21.     While Shahla and her family continue to suffer, Palace Resorts does nothing to comfort them – seemingly secure in knowing that they and their lawyers have created a labyrinth of interconnected corporate entities designed to prevent people like Shahla from ever obtaining justice.

## COUNT I – VICARIOUS LIABILITY FOR SEXUAL BATTERY

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

22.     Defendants' staff member committed sexual battery upon Shahla on the premises of Moon Palace during a massage session offered and administered by Defendants as a reward for her attendance at a timeshare sales pitch.

23. The masseuse's unauthorized acts were initiated in the course and scope of his employment, and to serve the interests of his employers.

24. Defendants' masseuse was assisted in accomplishing the sexual battery by virtue of the employer/employee relationship between him and Defendants.

25. Specifically, the masseuse was able to commit the sexual battery because he had access to Shahla by virtue of his occupation and because he gained Shahla's trust by being an employee at the resort.

26. As a direct and proximate result of the masseuse's sexual battery upon Shahla, Shahla experienced physical, mental, and emotional pain and suffering.

27. As such, the Defendants are vicariously responsible for the tortious acts of their employee.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' masseuse's tortious conduct, and for any other relief this Court deems just and appropriate.

## COUNT II – VICARIOUS LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

28. Defendants' masseuse intentionally or recklessly caused infliction of emotional distress on Shahla when he sexually assaulted her during a massage session on Defendants' Moon Palace's premises.

29. The masseuse's unauthorized acts were initiated in the course and scope of his employment and to serve the interests of his employers.

30. As a direct and proximate result of the masseuse's intentional or reckless conduct against Shahla, Shahla experienced physical, mental, and emotional pain and suffering.

31. As such, the Defendants are vicariously responsible for the tortious acts of their staff member.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' masseuse's tortious conduct, and for any other relief this Court deems just and appropriate.

## COUNT III –NEGLIGENCE

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

32. Defendants were subject to a high standard of care as inn-keepers, due to the nature of their relationship with their guests in which the guests, including Shahla, entrusted their bodily safety to the care of the Defendants.

33. Shahla was entitled to Defendants' protection against violence, abuse, battery or an assault by Defendants' agents or staff at their resorts.

34. Defendants breached their duty to Shahla by failing to provide safe accommodation and services to Shahla, free from violence and abuse by their staff.

35. As a direct and proximate result of Defendants breach of their duty to Shahla, Shahla was victimized by Defendants' staff, and experienced physical, mental, and emotional pain and suffering.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' negligence, and for any other relief this Court deems just and appropriate.

## COUNT IV – BREACH OF IMPLIED CONTRACT

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

36. Defendants had an implied contract with Shahla, as a paying guest of the resort, for safe accommodation and services free from injuries by Defendants' agents or staff.

37. Defendants breached this implied contract with Shahla when their masseuse victimized Shahla by committing a sexual battery upon her during a massage session at the resort.

38. As a direct and proximate result of Defendants' breach of the implied contract with Shahla, Shahla experienced physical, mental, and emotional pain and suffering.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against the Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' breach of contract, and for any other relief this Court deems just and appropriate.

### COUNT V – NEGLIGENT EMPLOYEE HIRING AND RETENTION

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

39. Defendants owed a duty to Shahla, as their guest, to conduct a thorough investigation of their masseuse's background prior to hiring him, especially considering the nature of his occupation, where the guests were daily exposed to substantial risk, if no thorough employee selection had been performed.

40. On information and belief, an investigation into the masseuse's background would have revealed his unfitness to work as a masseuse at Moon Palace.

41. Defendants breached their duty to Shahla by failing to diligently investigate the background and fitness of the masseuse prior to hiring him, causing Defendants to hire an unfit masseuse.

42. It was unreasonable for Defendants to hire the masseuse in light of existing information reflecting on the masseuse's unfitness for employment, which Defendants knew or should have known.

43. As a result of Defendants' breach of their duty to Shahla, Shahla was victimized by the masseuse, and experienced physical, mental, and emotional pain and suffering when Defendants' masseuse committed a sexual battery upon her.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' negligent conduct, and for any other relief this Court deems just and appropriate.

## COUNT VI – NEGLIGENT EMPLOYEE SUPERVISION AND TRAINING

Plaintiff incorporates paragraphs 1 through 21 above by reference, and further alleges:

44. Defendants had a duty to Shahla to conduct diligent training and supervision of their staff member upon hiring him, especially considering the nature of the masseuse's occupation, where guests were naturally placed at risk if no thorough employee selection has been performed.

45. Defendants breached this duty to Shahla by failing to diligently train and supervise their employee before and during the performance of his duties, resulting in Defendants' masseuse committing a sexual battery upon Shahla. Moreover, Defendants breached this duty by failing to discharge the masseuse after he attacked Shahla, effectively condoning his conduct.

46. As a direct and proximate result of Defendants' breach of their duty to Shahla, Shahla experienced physical, mental, and emotional pain and suffering.

WHEREFORE, Plaintiff Shahla Rabie demands judgment against Defendants for damages for physical, mental, and emotional pain and suffering resulting from Defendants' negligent conduct, and for any other relief this Court deems just and appropriate.

## VII. JURY TRIAL DEMAND

Plaintiff Shahla Rabie demands a trial by jury for all matters so triable.

          s/ Michael Diaz, Jr.
Michael Diaz, Jr. (Florida Bar Number:  606774)
Attorney E-mail Address:  mdiaz@diazreus.com
Gary E. Davidson (Florida Bar No. 69094)
Attorney E-mail Address: gdavidson@diazreus.com
Vincent Li (Florida Bar No. 0046792)
Attorney E-mail Address: vli@diazreus.com
DIAZ REUS & TARG, LLP
100 Southeast 2nd Street, Suite 2600
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050
*Counsel for the Plaintiff Shahla Rabie*